The judgment of the Appellate Court is affirmed with respect to the conversion counts of the plaintiffs' complaints and with respect to the defendant's counterclaim; the judgment is reversed with respect to the CUTPA counts of the plaintiffs' complaints and the cases are remanded to the the Appellate Court with direction to remand the cases to the trial court with direction to render judgments in favor of the defendant on the CUTPA counts.

In this opinion the other justices concurred.

## STATE OF CONNECTICUT *v.* PRINCE ALEXANDER
### (SC 15622)

Callahan, C. J., and Katz, Palmer, McDonald and Peters, Js.

Argued June 5—officially released July 15, 1997

damages as punitive damages. *Lawson* v. *Whitey's Frame Shop*, supra, 42 Conn. App. 609. The plaintiffs argue in their brief that "[t]he Appellate Court chose to consider the $50 salvage value of the plaintiffs' vehicles as the only actual damages the trial court awarded the plaintiffs, and therefore assumed that the award of punitive damages was 'over twenty times' the actual damage award. The plaintiffs believe that given their expansive testimony on lost employment opportunities from the loss of their vehicles that the $1018 CUTPA award *may have* also involved actual damages, and that therefore they were entitled to a larger punitive damage award." (Emphasis added.)

Because the plaintiffs failed to seek an articulation from the trial court to clarify whether the $1018 in CUTPA damages was for compensatory damages, punitive damages or attorney's fees relating to the $50 compensatory award, we decline to review this claim. See *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 154 n.2, 595 A.2d 872 (1991) ("[i]t is the responsibility of the appellant to seek an articulation of the trial court's decision in order to provide this court with an adequate record for review"); see also Practice Book § 4051. Moreover, because we conclude that the defendant did not violate CUTPA, we need not address whether the trial court abused its discretion by not awarding attorney's fees and punitive damages to the plaintiffs as part of the CUTPA award.

*Michael A. Fusco* and *Yvonne M. Schoff,* certified legal interns, with whom was *Richard Emanuel,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* executive assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The judgment is affirmed.

JOHN DOE *v.* CITY OF STAMFORD ET AL.
(SC 15631)

Callahan, C. J., and Borden, Norcott, Katz and Peters, Js.

Argued May 29—officially released July 22, 1997